**NOT FOR PUBLICATION**

```
FILED
JAMES J. WALDRON, CLERK

SEPT. 19, 2007

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY:  s/ Ronnie Plasner, DEPUTY
```

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>MIGUEL SANABRIA,<br><br>                    Debtor. | Case No.:   02-34621 (DHS)<br><br>Adv. No.:   06-01337 (DHS)<br><br>Judge:    Donald H. Steckroth, U.S.B.J. |
| STEVEN KARTZMAN, AS CHAPTER 7 TRUSTEE FOR MIGUEL SANABRIA,<br><br>                    Plaintiff,<br><br>v.<br><br>LITTON LOAN SERVICING LP,<br><br>                    Defendant. | |

**OPINION**

**APPEARANCES:**

Mellinger, Sanders & Kartzman LLC
Steven P. Kartzman, Esq.
Adam G. Brief, Esq.
101 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950
***Counsel for Steven P. Kartzman,***
***Chapter 7 Trustee for Miguel Sanabria***

Powers Kirn LLC
Edward W. Kirn, III, Esq.
9 East Stow Road, Suite C
Marlton, New Jersey, 08053
***Counsel for Litton Loan Servicing LP***

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

Before the Court are dueling motions for summary judgment. On May 3, 2007, Steven Kartzman, as Chapter 7 trustee for Miguel Sanabria (hereinafter "Trustee" and "Debtor" respectively), filed a motion for summary judgment against Litton Loan Servicing LP ("Litton") seeking turnover of sale proceeds paid to Litton in the amount of $21,882.72 ("Motion"). Litton filed an objection and cross-motion for summary judgment ("Cross-Motion"). Thereafter, the Trustee filed a reply brief in support of his motion for summary judgment and objection to Litton's cross-motion for summary judgment.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(E) and (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

For the following reasons, the Trustee's motion for summary judgment is hereby granted in part and denied in part, Litton's cross-motion for summary judgment is hereby granted, and the remainder of the Trustee's complaint is hereby dismissed.

**Statement of Facts and Procedural History**

The relevant facts relating to the instant motions for summary judgment are primarily undisputed. In January of 1998, the Debtor executed a mortgage in the principal amount of $48,750 against his property located at 12 ½ Taylor Street, Newark, New Jersey in favor of PacificAmerica Money Centers, Inc. *Litton Loan Servicing LP's Certification in Support of its Cross-Motion for*

3

*Summary Judgment*, ¶ 2 (hereinafter "*Litton Cert.*"); *Trustee's Statement of Undisputed Material Facts*, ¶ 4 (hereinafter "*Trustee's SUMF*").[1]  On the same day the Debtor also executed a mortgage in the principal amount of $45,000 against his property located at 12 Taylor Street, Newark, New Jersey in favor of PacificAmerica Money Centers, Inc.  *Litton Cert.*, ¶ 3; *Trustee's SUMF*, ¶ 6.  The mortgages were ultimately assigned to Bankers Trust Company, as trustees, represented by Litton as servicer for the mortgage holder.  *Litton Cert.*, ¶ 4; *Trustee's SUMF*, ¶ 2.  On August 7, 2000, the mortgage on the 12 ½ Taylor Street property was recorded in the Essex County Clerk's Office.  *Litton Cert.*, ¶ 5; *Trustee's SUMF*, ¶ 5.  The mortgage on the 12 Taylor Street property was never recorded.  *Litton Cert.*, ¶ 6; *Trustee's SUMF*, ¶ 7.

On April 29, 2002, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, which was subsequently converted to a proceeding under Chapter 7.[2]  On November 26, 2002, the Debtor filed a motion in the Chapter 13 case to sell both properties free and clear of liens and encumbrances.  The sale motion went unopposed and was granted by the Court on January 8, 2003.  Paragraph four of the Sale Order, drafted by the Debtor's counsel, provides that the "claims of Litton Loan Servicing and Edmond Slatus will be paid in full out the closing proceeds at the closing of the transfer [of] title."  In response to payoff statements submitted, Litton received a payment in the amount of $79,969.46.  *Litton Cert.*, ¶ 10; *Trustee's SUMF*, ¶ 16.[3]  The dispute here

---

[1] Internal citations to the record are omitted.

[2] A trustee presided over the Debtor's bankruptcy proceeding under Chapter 13 from April 30, 2002 to February 26, 2004.

[3] Litton claims that the $79,969.46 represented payment in full of the outstanding balance on the 12 ½ Taylor Street property mortgage.  *Litton's Cert.*, ¶ 10.  Litton asserts it never received any portion of the mortgage balance on the 12 Taylor Street property as the mortgage was unrecorded.  *Id.*  The Trustee argues that in addition to the $79,969.46 payment, Litton received a second payment in the amount of $21,882.72 on account of the 12 Taylor Street property mortgage.  *Trustee's SUMF*, ¶ 17.  This assertion is based upon the HUD-1 settlement statement.  *Id.*  The Trustee does not provide any proof of actual payment.  In addition, the Court notes that the Trustee previously

revolves around the turnover of $21,882.72, alleged by the Trustee to have been paid to Litton on account of the 12 Taylor Street mortgage. After being appointed Trustee on April 6, 2005, the Trustee filed the instant adversary complaint to compel turnover of the alleged 12 Taylor Street mortgage payment of $21,882.72.

The Trustee asks this Court to: (i) avoid Litton's lien and declare it a general unsecured creditor as to the subject property; (ii) hold that the proceeds constitute property of the bankruptcy estate; (iii) declare that this Court's Sale Order is void to the extent that it authorizes payment of the $21,882.72 in proceeds; (iv) require turnover of the sale proceeds under Section 542, or in the alternative, voiding the transfer under Section 549 of the Bankruptcy Code; and (v) if voided under Section 549, order the recovery and turnover of the proceeds under Section 550 of the Bankruptcy Code. In its Cross-Motion, Litton seeks summary judgment dismissing the adversary complaint, arguing that: (i) it never received the alleged payment of $21,882.72; (ii) the Trustee improperly seeks to avoid the alleged payment under Section 542; (ii) the Motion is untimely as it is brought more than four years after the closing took place; and (iii) the Trustee improperly seeks to re-litigate issues decided following the closing.

---

took the position that the $21,882.72 payment constituted part of the $79,969.46 payment. *Id.*, Exhibit H. If the $21,882.72 paid was additional in nature -- namely that it was not part of the $79,969.46 payment -- summary judgment would clearly issue as a matter of law in favor of Litton since they deny receipt of a separate payment and the Trustee has not proved that payment was made. Thus, for this reason, summary judgment in favor of Litton is appropriate. The remainder of this Opinion assumes that the sale proceeds constitute property of the estate and that payment as to the 12 Taylor Street property was received.

**Discussion**

**Summary Judgment Standard**

A court may grant summary judgment under Federal Rule of Civil Procedure 56(c), made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* At the summary judgment stage, the role of the court "is not to weigh evidence, but to determine whether there is a genuine issue for trial." *Knauss v. Dwek*, 289 F. Supp. 2d 546, 549 (D.N.J. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The court must construe facts and inferences in a light most favorable to the non-moving party. *See Am. Marine Rail NJ, LLC v. City of Bayonne*, 289 F. Supp. 2d 569, 578 (D.N.J. 2003) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986)). "Only evidence admissible at trial may be used to test a summary judgment motion. Thus evidence whose foundation is deficient must be excluded from consideration." *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 471 (3d Cir. 1989) (citations omitted).

The moving party must make an initial showing that there is no genuine issue of material fact. *See Knauss*, 289 F. Supp. 2d at 549 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then shifts to the non-moving party to "'make a showing sufficient to establish the existence of [every] element essential to the party's case, and on which that party will bear the burden of proof at trial.'" *Cardenas v. Massey*, 269 F.3d 251, 254-55 (3d Cir. 2001) (questioned on other grounds) (quoting *Celotex Corp.*, 477 U.S. at 322). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for

summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original). An issue of fact is "genuine" if a reasonable juror could return a verdict for the non-moving party. *See id.* at 248. A material fact is determined by the substantive law at issue. *See Crane v. Yurick*, 287 F. Supp. 2d 553, 556 (D.N.J. 2003) (citing *Anderson*, 477 U.S. at 248). A fact is "material" if it might affect the outcome of the suit under governing law. *See id.* Disputes over irrelevant or unnecessary facts are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 248 (citation omitted).

However, even if material facts remain disputed, summary judgment may be proper if, after all inferences are drawn in the non-moving party's favor, the moving party is entitled to judgment as a matter of law. *See id.* at 248-50. Such a judgment is appropriate "as a matter of law" when the non-moving party has failed to make an adequate showing on an essential element of his or her case, as to which he or she has the burden of proof. *See Celotex Corp.*, 477 U.S. at 322-23.

When one party motions the court for summary judgment, Federal Rules of Civil Procedure 54(c) and 56, taken together, permit the court to enter summary judgment on behalf of the non-movant, even if the non-movant has not filed a cross-motion for summary judgment. *See Peiffer v. Lebanon School Dist.*, 673 F. Supp. 147, 151-*52 (M.D. Pa. 1987) (citation omitted). On the other hand, a court must deny a motion for summary judgment when a genuine issue of material fact remains to be tried, or where the moving party is not entitled to a judgment as a matter of law.

**Turnover**

Pursuant to Section 541 of the Bankruptcy Code, a bankruptcy estate comes into existence by operation of law at commencement and consists of a debtor's legal or equitable interests in

property as of the petition date. *See* 11 U.S.C. § 541 (2007). Section 542 governs turnover of property of the estate, requiring that:

> [A]n entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a).

Section 542 does not impose a statute of limitations. *See In re Mushroom Transp. Co.*, 382 F.3d 325, 337 (3d Cir. 2004) (citations omitted). As turnover claims are equitable in nature, they are subject to the doctrine of laches. *Id.* (citing *Algrant v. Evergreen Valley Nurseries Ltd. P'ship*, 126 F.3d 178, 186 n.3 (3d Cir. 1997) ("An action brought in equity is governed by the doctrine of laches.") (citing *Russell v. Todd*, 309 U.S. 280, 287 (1940)) (other citations omitted)).

A party asserting laches as a bar to action "must establish (1) an inexcusable delay in bringing the action and (2) prejudice." *In re Mushroom Transp. Co.*, 382 F.3d at 337 (citing *U.S. Fire Ins. Co. v. Asbestospray*, Inc., 182 F.3d 201, 208 (3d Cir. 1999) (internal citations omitted)). A showing of prejudice requires "'that the delay caused a disadvantage in asserting and establishing a claimed right or defense; the mere loss of what one would have otherwise kept does not establish prejudice." *Id.* (internal citation omitted).

While not directly applicable to a turnover claim, "a limitations period on an analogous claim for legal relief is highly relevant. . . ." *In re Mushroom Transp. Co.*, 382 F.3d at 337. '[I]f a statutory limitations period that would bar legal relief has expired, then the defendant in an action for equitable relief enjoys the benefit of a presumption of inexcusable delay and prejudice. In that

case, the burden shifts to the plaintiff to justify its delay and negate prejudice.'  *Id.* (quoting *E.E.O.C. v. Great Atl. & Pac. Tea Co.*, 735 F.2d 69 (3d Cir. 1984) (internal citations omitted)).

An analogous claim at law exists in Section 549(a), which provides for the avoidance of an unauthorized post-petition transfer of property that constitutes part of the bankruptcy estate. *See In re Mushroom Transp. Co.*, 382 F.3d at 337.  Section 549(d) limits the applicable period for Section 549(a) actions and provides that a cause of action "may not be commenced after the earlier of -- (1) two years after the date of the transfer sought to be avoided; or (2) the time the case is closed or dismissed." 11 U.S.C. § 549(d).

Here, the statutory limitations period of Section 549(d) has run.  Therefore, the burden is upon the Trustee to justify the delay in bringing this cause of action and to negate the prejudice he seeks to inflict upon Litton.  The only support offered by the Trustee to meet this burden is his appointment on April 6, 2005 and the fact that Litton would suffer no prejudice in returning assets received in contravention of the absolute priority rule.

The Trustee also argues that his cause of action under Section 549 should be equitably tolled given that he was appointed over two years after the closing.  The Third Circuit Court of Appeals recently addressed this argument. *See generally Singer v. Kimberly Clark Corp. (In re Am. Pad & Paper Co.)*, 478 F.3d 546 (3d Cir. 2007).  In *In re Am. Pad & Paper Co.*, the trustee was barred from bringing a cause of action under Section 547 of the Bankruptcy Code for avoidance of preferential transfers because the statutory limitations period of Section 546 had expired.  In so doing, the Court relied on the plain text of the limitations statute:

> "When [a] statute's language is plain, the sole function for the courts -- at least where the disposition required by the text is not absurd -- is to enforce it according to its terms." *Robert Wood Johnson Univ.*

9

> *Hosp. v. Thompson*, 297 F.3d 273, 284 (3d Cir. 2002) (internal quotation marks and citations omitted); *In re First Merchs. Acceptance Corp. v. J.C. Bradford & Co.*, 198 F.3d 394, 403 (3d Cir. 1999) (only absurd results and the most extraordinary showing of contrary intentions justify a limitation on the plain meaning of the statutory language); *see also* 5 COLLIER ON BANKRUPTCY ¶ 546.02[2] (Alan N. Resnick & Henry J. Sommer eds.,15th ed. rev.) ("If a trustee is appointed or elected within two years of the entry of the order for relief, the trustee is afforded one additional year from its appointment or election to commence avoidance actions. If a trustee is not appointed or elected prior to the expiration of the initial two-year period, commencement of avoidance actions is time-barred, even if a trustee is subsequently appointed or elected in the case.") (emphasis added).

*In re Am. Pad & Paper Co.*, 478 F.3d at 552. The Court believes the above reasoning to be equally applicable to Section 542 and the circumstances *sub judice*.

Here, the Trustee has not shown any absurdity of result. This Court recognizes that any payment made relative to the mortgage on the 12 Taylor Street property in excess of a distribution to a general unsecured creditor represents a violation of the absolute priority rule.[4] However, this result could have been prevented by the Chapter 13 Trustee, who supervised the Debtor's bankruptcy proceeding for over one year after the Sale Order was entered, or upon motion by the Debtor himself. The Trustee's belated appointment is no excuse for delay in filing the instant complaint. *See generally In re Am. Pad & Paper Co.*, 478 F.3d at 552-56. Third, the Trustee has not negated the prejudice that would befall Litton in its reliance upon this Court's Sale Order, as drafted by the Debtor's counsel.

---

[4] Litton constitutes a general unsecured creditor of the Debtor's bankruptcy estate as to the 12 Taylor Street property. *See* N.J. STAT. ANN. § 46:22-1 (race-notice statute); 11 U.S.C. 544(a) (trustee's strong-arm powers).

Therefore, in the light most favorable to the Trustee, this Court holds he may not recover the excess funds provided to Litton, even assuming, *arguendo,* that the sale proceeds constitute property of the estate and that payment as to the 12 Taylor Street property unrecorded mortgage was received.

**Sale Order**

The Trustee alternatively requests that this Court alter or amend its Sale Order. A Court has the power to amend or modify its own orders when equitable to do so. *See In re Marcus Hook Dev. Park, Inc.*, 143 B.R. 648, 662 (Bankr. W.D. Pa. 1992) (citation omitted). "A bankruptcy court especially has the power to do so '. . . where subsequent events during administration demonstrate the necessity therefor and to do so would not be inequitable.'" *Id.* at 662 (citation omitted).

There exists no statutory basis to permit a payment to a general unsecured creditor ahead of priority claims. However, this Court's Sale Order was drafted by Debtor's counsel and was entered over four years ago. The Trustee makes no attempt to explain why Debtor's counsel or the former Chapter 13 trustee failed to act on this mistaken payment. In addition, the Trustee acknowledges that the mortgagee's status was a matter of record prior to the Debtor's motion to sell. In his petition, the Debtor listed "Bankers Trust of California" as a secured creditor as to the 12 ½ Taylor Street property <u>only</u> and Litton's claim against the Debtor, filed on August 22, 2002, <u>only</u> seeks payment as to its secured lien on the 12 ½ Taylor Street property. Further, attached to a certification in support of a request for relief from the automatic stay on behalf of Litton was the unrecorded mortgage on the 12 Taylor Street property. Therefore, there was ample evidence for the former Chapter 13 trustee or the Debtor to correct the allegedly mistaken payment, if in fact made. The equities favor Litton.

The time for reconsideration or appeal of this Court's Sale Order has long run. In addition, the Trustee does not seek relief from this Court's Sale Order under either of Federal Rules of Civil Procedure 59 or 60. Federal Rule of Civil Procedure 60(b)(6) provides that on "motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). *Id.* A Rule 60(b)(6) motion must be brought within a reasonable time. This Court is aware that the Trustee argues he has moved diligently since his appointment. However, this argument misses the mark. At a minimum, the former Chapter 13 trustee's supervision of the Debtor's bankruptcy proceeding must be coupled with that of the Trustee. Those two periods combined exceed the reasonable time period under which the instant claim was required. The remaining portions of both motions for summary judgment will not be considered as they are rendered moot by these holdings.

**Conclusion**

For all of the aforementioned reasons, this Court holds that: (i) Litton constitutes a general unsecured creditor of the Debtor's bankruptcy estate as to the 12 Taylor Street property; (ii) Litton's Cross-Motion for summary judgment is hereby granted; and (iii) the remainder of the Trustee's adversary complaint is hereby dismissed.

An Order in conformance with this Opinion has been entered and a copy is attached hereto.

/s/ *Donald H. Steckroth*
DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated: September 19, 2007